**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DOUGLAS J. DODSON, JR., | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 09-3592 (RBK) |
| v. | : | |
| PAUL M. SCHULTZ, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

    DOUGLAS J. DODSON, JR., #33804-083
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320
    Petitioner Pro Se

**KUGLER, District Judge**

    Douglas J. Dodson, Jr. ("Petitioner"), a prisoner confined at the Federal Correctional Institution at Fairton, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence. Having thoroughly reviewed Petitioner's submissions, this Court will summarily dismiss the Petition for lack of jurisdiction.

**I.   BACKGROUND**

    On November 27, 1995, a jury sitting in the United States District Court for the Eastern District of Virginia convicted Petitioner of five counts of a multi-count indictment, including conspiracy to distribute heroin and cocaine in violation of 21

U.S.C. § 846 (count one).  See United States v. Dodson, 291 F. 3d 268, 270 (4th Cir. 2002).  Judge James R. Spencer sentenced Petitioner to an aggregate sentence of life imprisonment plus 60 months.  Id.  On Petitioner's first direct appeal, the Fourth Circuit vacated the conviction for use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) because there was insufficient evidence, affirmed the convictions on counts two, four and seven, vacated the sentences on counts two, four and seven, and remanded for resentencing so the district court could consider the vacatur of the conviction on count five when reimposing sentence on courts two, four, and seven.  Id.  Pursuant to the mandate, on September 21, 1998, Judge Spencer reimposed the same sentences on each of counts two, four, and seven.  Id.  Petitioner appealed, and on October 25, 1999, the Fourth Circuit affirmed.  Id.

On September 25, 2000, Petitioner filed a motion to vacate, set aside or correct the sentence in the sentencing court. Dodson, 291 F. 3d at 270.  On January 29, 2001, Judge Spencer dismissed the § 2255 motion as untimely.  Petitioner appealed. On May 22, 2002, the Fourth Circuit vacated the order of dismissal and remanded, concluding that the motion was timely. Id. at 276.  By order entered September 29, 2003, Judge Spencer denied Petitioner's § 2255 motion.  See United States v. Dodson, 103 Fed. App'x 736 (4th Cir. 2004).  The Fourth Circuit denied a

certificate of appealability on July 19, 2004. Id. On or about October 21, 2005, the Fourth Circuit denied authorization to file a second or successive § 2255 motion. See United States v. Dodson, Crim. No. 95-0073 (JRS) docket entry #421 (E.D. Va. Oct. 21, 2005).

On January 23, 2006, Petitioner, who was at the time confined in Jonesville, Virginia, filed his first § 2241 petition in the United States District Court for the Western District of Virginia, arguing that his sentence was unconstitutional under United States v. Booker, 543 U.S. 220 (2005). See Dodson v. Bledsoe, Civ. No. 06-0067 (W.D. Va. filed Jan. 23, 2006). The court dismissed the petition for lack of jurisdiction because § 2255 was neither inadequate nor ineffective for addressing the Booker claim. Id. The Fourth Circuit affirmed. See Dodson v. Bledsoe, 189 Fed. App's 290 (4th Cir. 2006) (table). Petitioner filed his second § 2241 petition in that court on February 13, 2006, again arguing that his sentence was unconstitutional under Booker. See Dodson v. O'Brian, Civ. No. 06-0105 (SGW) (W.D. Va. filed Feb. 13, 2006). On February 14, 2006, Judge Samuel G. Wilson dismissed the petition on the grounds that the Booker claim had already been adjudicated and the court lacked jurisdiction over the other claims, if any. See Dodson, 2006 WL 4595799 (W.D. Va. Feb. 14, 2006). The Fourth Circuit affirmed on

September 1, 2006.  See Dodson v. O'Brien, 197 Fed. App'x 252 (4th Cir. Sept. 1, 2006) (table).

On June 4, 2008, Petitioner filed a motion in the sentencing court for a sentencing reduction pursuant to 18 U.S.C. § 3582. On March 31, 2009, Judge Spencer granted the motion and reduced Petitioner's sentence on count one to 360 months in prison. See United States v. Dodson, Crim. No. 95-0073 (JRS) docket entry #458 (E.D. Va. Mar. 31, 2009).  Petitioner did not appeal.

Petitioner, who is now incarcerated at FCI Fairton in New Jersey, executed the § 2241 Petition presently before this Court on July 17, 2009.  Petitioner challenges his sentence of 360 months on one ground:

> PETITIONER IS ILLEGALLY BEING DETAINED BECAUSE HE IS FACTUALLY/ACTUALLY INNOCENT OF THE JUDGEMENT ON COUNT ONE, DUE TO THE FACT THAT THE DISTRICT COURT ERRONEOUSLY SENTENCED PETITIONER TO 360 MONTHS UNDER THE AUTHORITY/JURISDICTION OF 21 U.S.C. § 841(B)(1)(a)(iii), RESULTING IN A COMPLETE MISCARRIAGE OF JUSTICE AND VIOLATED PETITIONER'S FIFTH AMENDMENT RIGHT UNDER THE FEDERAL CONSTITUTION.

(Pet., Argument, at p. 5.)

As factual support, Petitioner asserts:

> [T]he District Court erred by using the drug quantity from relevant conduct in petitioner's pre-sentence report to trigger the penalty section of 841(b)(1)(A)(iii), with a statutory maximum sentence of life . . . . But for the purpose of petitioners statutory penalty under § 841(b)(1), the District Court . . . can only consider the drug quantity the grand jury indicted

> petitioner for and that resulted in
> petitioner's conviction on count one ("To wit
> a detectable amount of crack cocaine and
> heroin") . . . . In short, section 841(b)(1)
> indicates that the penalty of §
> 841(b)(1)(A)(iii) applied ONLY to the drug
> quantity in which petitioner was actually
> found guilty of.  In petitioner's case, the
> violation under the conspiracy charge was
> section 841(a)(1), and drug quantity in
> petitioner's indictment was a detectable
> amount of crack cocaine and heroin, which
> consequently, petitioner should not have
> received a sentence of 360 months for because
> the maximum sentence for a detectable amount
> of crack cocaine and heroin is ONLY 20 years
> under section 841(b)(1)(C).  Consequently,
> the sentence of 360 months should not have
> been imposed due to the fact that the
> district court had no authority under statute
> of 21 U.S.C. § 841(b)(1) to use relevant
> conduct to trigger § 841(b)(1)(A)(iii) with a
> maximum penalty of life.  Therefore,
> petitioner is factually/actually innocen[t]
> of his sentence of 360 months imprisonment.

(Id. at pp. 5-8.)

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Petitioner's § 2241 petition challenging his federal sentence may not be entertained in this Court unless a motion to vacate the sentence under 28 U.S.C. § 2255 is "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255.[1] See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); see also Dorsainvil, 119 F.3d at 251. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Cradle, 290 F.3d at 539.

---

[1] Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5.

This Petition essentially raises a <u>Booker</u> claim (without citing <u>Booker</u>). As a result of Petitioner's prior § 2241 filings, he is presumably aware that district courts lack jurisdiction to entertain a <u>Booker</u> claim under § 2241 because § 2255 is not an inadequate or ineffective remedy for the claim. <u>See</u> <u>Massey v. United States</u>, ___ F. 3d ___, 2009 WL 2902195 *2 n.1 (3d Cir. Sept. 11, 2009) (section 2255 motion is not inadequate or ineffective for a <u>Booker</u> claim). Because Petitioner's claim (however designated) is cognizable under § 2255, and § 2255 is not inadequate or ineffective for Petitioner's challenge to his detention, this Court lacks jurisdiction over Petitioner's claim under § 2241. This Court will therefore dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.

_/s/ Robert B. Kugler_
**ROBERT B. KUGLER, U.S.D.J.**

Dated: ~~September 3~~ October 13, 2009